UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 5:23-cr-00145

RICHARD SHAWN OWENS

**MEMORANDUM OPINION AND ORDER**

Pending in criminal action 5:23-cr-145 are Defendant Richard Shawn Owens' Motion for Revocation of the Detention Orders [ECF 39], filed January 23, 2024, Motion to Sever Cases and Order Separate Trials [ECF 40], Motion to Suppress Statement [ECF 41], Motion to Suppress Evidence from Illegal Search [ECF 42], Motion to Dismiss Count 1 or in the Alternative Limit the Government to Proving Actual Knowledge or Reckless Disregard of the Alleged Victim's Age [ECF 43], and Motion in Limine [ECF 44], all filed February 15, 2024. The Government responded on February 26, 2024, [ECF 48]. Also pending are the Government's Motion to Seal Exhibit 1 to ECF 48 [ECF 49], Mr. Owens' Motion to Seal Omnibus Memorandum of Law and Attachment [ECF 61], and his Motion to Seal Supplement Omnibus Memorandum of Law [ECF 63].

On March 29, 2024, the Court held an evidentiary hearing. The parties then filed post-hearing cross briefs. The matters are ready for adjudication.

**I.**

Mr. Owens is charged in a two-count indictment with one count of sex trafficking of children in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c) and one count of transportation

with intent to engage in criminal sexual activity in violation 18 U.S.C. §§ 2 and 2423(a). The charges stem from Mr. Owens allegedly (1) trafficking Minor Victim 1 and causing her to engage in a commercial sexual act after having had a reasonable opportunity to observe Minor Victim 1, and (2) transporting Minor Victim 1 from Charlottesville, Virginia, to Lewisburg with the intent to engage in sexual activity for which a person could be charged with a criminal offense.

## II.

### A.  *Motion for Revocation of the Detention Orders*

Prior to the indictment in 5:23-cr-145, Mr. Owens was arrested August 10, 2023, on the complaint in criminal action 5:23-cr-146. The charge is possession of a firearm after conviction for a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). On August 15, 2023, the Honorable Omar J. Aboulhosn, United States Magistrate Judge, held both a preliminary hearing on the criminal complaint and a detention hearing. He ordered Mr. Owens detained, finding no condition or combination of conditions would reasonably assure the safety of persons or the community. Magistrate Judge Aboulhosn additionally noted the strong weight of the evidence against Mr. Owens, the potentially lengthy period of incarceration, and his history of violence or use of weapons. [ECF 11; 5:23-cr-00146].

On September 7, 2023, an indictment was returned against Mr. Owens in this action. Pursuant to 18 U.S.C. § 3142(f)(1), the Government filed a Motion for Detention Hearing on September 11, 2023. On September 14, 2023, Magistrate Judge Aboulhosn found a rebuttable presumption arose under 18 U.S.C. § 3142(e)(3)(E) that no condition or combination of conditions would reasonably assure Mr. Owens' appearance given probable cause indicated Mr. Owens

committed an offense involving a minor under 18 U.S.C. §§ 1591 and 2423. Mr. Owens did not rebut the presumption.

On November 28, 2023, Mr. Owens filed a Motion for Reconsideration of Detention Order and to Reopen the Detention Hearing for Additional Evidence [ECF 29]. The Government responded in Opposition. [ECF 31]. Magistrate Judge Aboulhosn heard the matter on December 19, 2023. Mr. Owens presented a ten-point plan regarding his proposed release and called multiple witnesses. Magistrate Judge Aboulhosn deferred adjudication pending receipt of a home assessment of the proposed residence. On January 9, 2024, Magistrate Judge Aboulhosn denied Mr. Owens' motion. [ECF 37 at 5 ("[T]he undersigned notes that the evidence against the Defendant concerning the sex trafficking offenses is strong, which further shows there are no conditions that will reasonably assure the safety of the community and others should the Defendant be released from detention.")]. Mr. Owens' January 23, 2024, appeal is now under consideration.

A defendant ordered detained by a magistrate judge may seek *de novo* review in the district court. *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curium) (unpublished); *United States v. Cutter*, 637 F. Supp. 2d 348, 350 (W.D.N.C. 2009).

Section 3142 governs the release or detention of a defendant pending trial. There is a presumption of detention under 18 U.S.C. § 3142(e)(3), which provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—
>
> . . . .

3

> (E) an offense involving a minor victim under section … 1591, 2423 … of this title.

18 U.S.C. § 3142(e)(3)(E). "Absent a rebuttable presumption in favor of detention, '[p]ursuant to 18 U.S.C. § 3142(b) & (c), the Court must order the pretrial release on bond of a person, subject to certain specified statutory conditions, unless the court finds that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person and the community.'" *United States v. Clay*, No. 2:21-MJ-00069, 2021 WL 1553822, at *2 (S.D. W. Va. Apr. 19, 2021) (citing *United States v. Covington*, No. 2:14-CR-00006, 2014 WL 504880, at *4 (S.D. W. Va. Feb. 7, 2014) (Johnston, J.)). "Assuming that Defendant successfully rebutted the presumption for detention (or that such presumption did not apply in the first place), the question thus becomes whether the Government proved that no condition or combination of conditions would reasonably assure the appearance of Defendant as required or the safety of any other person or the community." *Covington*, 2014 WL 504880, at *6 (S.D. W. Va. Feb. 7, 2014) (evaluating the record pursuant to the factors set forth in 18 U.S.C. § 3142(g) after the defendant successfully rebutted the presumption of detention). If the presumption arises and the movant offers sufficient evidence to rebut it, the court considers the following factors bearing on release:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

As noted, the two-count indictment charges Mr. Owens with sex trafficking of children in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c) and transportation with intent to engage in criminal sexual activity in violation 18 U.S.C. §§ 2 and 2423(a). Mr. Owens asserts his ten-point plan would reasonably assure his appearance and community safety. Mr. Owens' plan is materially identical to the routine conditions imposed by the Court. It is noted, additionally, the residence he proposes is near a school.

The circumstances recited earlier give rise to a finding of probable cause that Mr. Owens committed acts in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c) and 18 U.S.C. §§ 2 and 2423(a). This finding raises the § 3142(e)(3) presumption. And Mr. Owens has not rebutted the presumption with his proposed, ten-point plan. Assuming rebuttal, however, the § 3142(g) factors clearly do not support release. First, respecting the nature and circumstances of the offense, it is alleged Mr. Owens transported a minor across states line with the promise of sexual intercourse in exchange for money. Minor Victim 1 believed Mr. Owens offered to pay her $4,000 in exchange for her few days' visit to West Virginia to engage in sexual intercourse. Prior to engaging in any sexual activity, Mr. Owens intoxicated Minor Victim 1, causing her to vomit. He then engaged in sexual intercourse with her. If convicted, Mr. Owens faces 20 years imprisonment.

Second, respecting the weight of the evidence, the Court has received transcripts of Mr. Owens and Minor Victim 1's interviews. Both admit sexual intercourse and that Mr. Owens

paid for her travel from Virginia to West Virginia. He first traveled to meet her at a restaurant in Virginia. He later hosted her in his home and intoxicated her. He thus spent hours with her prior to intercourse, thereby providing him the reasonable opportunity to observe her.

Third, respecting his history and characteristics, Mr. Owens was convicted in 2012 for assault and battery. His six-month custodial term was suspended, and he was given three years of supervised release. As noted, he has a pending federal gun charge following his conviction for misdemeanor crimes of domestic violence. Mr. Owens was a West Virginia resident up to his arrest. Richmond, the locus of his familial support system, is his proposed release location.

Last, respecting the danger Mr. Owens poses to the community, he is indicted on two serious offenses against a minor and a separate gun charge. Prior to his arrest, he reports using marijuana daily and cocaine two or three times a week. Inasmuch as the statutory factors weigh strongly against release, Mr. Owens' appeal is demonstrably groundless. The entirety of this concerning record demonstrates beyond peradventure that he poses a danger to the community. Consequently, he fails to rebut the presumption of detention under 18 U.S.C. § 3142(e)(3)(E). No condition or combination of conditions will reasonably assure his appearance or community safety. The Court **DENIES** Mr. Owens' Motion for Revocation of the Detention Orders [**ECF 39**].

B.  *Motion to Sever Cases and Order Separate Trials [ECF 40]*

The parties have conferred and suggest trial in case number 5:23-cr-00145 proceed first on the current trial date of May 28, 2024. They propose trial in case number 5:23-cr-00146 follow at a later, unspecified date. This agreement, along with the fact the two indictments were never joined, renders moot Mr. Owens' motion [**ECF 40**], and it is **DENIED AS MOOT**.

C.    *Motion to Suppress Statement [ECF 41]*

Mr. Owens asserts the totality of the circumstances support suppression of his statements inasmuch as they were involuntary. He bases the contention on (1) the length of questioning, (2) the officers' failure to inform him of the gun charge, (3) the officers' deprivation of counsel, and (4) the officers' subtle psychological persuasion. Mr. Owens also asserts he was not informed he was in custody on the gun charge and invoked his right to counsel numerous times throughout the 4-hour interview.

The Government contends all Mr. Owens' statements were voluntary and that he never unequivocally invoked his right to counsel. In any event, the Government asserts it does not intend to introduce any statement made by Mr. Owens following the alleged invocation of his right to counsel on page 147of the transcribed interrogation.

"An incriminating statement 'made during a custodial interrogation will be suppressed unless police advise the defendant of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966), and the defendant knowingly, intelligently, and voluntarily waives those rights." *United States v. Ivey*, 60 F.4th 99, 112 (4th Cir. 2023) (quoting *United States v. Giddins*, 858 F.3d 870, 879 (4th Cir. 2017)). "[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel, our precedents do not require the cessation of questioning." *Davis v. United States*, 512 U.S. 452, 459 (1994).

> "Coercive police activity is a necessary finding for a confession or a Miranda waiver to be considered involuntary." *United States v. Cristobal*, 293 F.3d 134, 140–141 (4th Cir. 2002)). "The mere existence of threats, violence, implied promises, improper influence, or other coercive police activity, however, does not automatically render a confession involuntary. The proper inquiry is whether the defendant's will has been overborne or his capacity for self-determination is critically impaired." *United States v. Braxton*, 112 F.3d 777, 780–81 (4th Cir. 1997)

7

(en banc) (internal quotation marks and citations omitted)); "The Government bears the burden of proving by a preponderance of the evidence that the statement was voluntary." *Braxton*, 112 F.3d at 781 (citing *Lego v. Twomey*, 404 U.S. 477, 489 (1972)).

*Giddins*, 858 F.3d at 881. "To determine whether a defendant's will has been overborne or his capacity for self-determination critically impaired, courts must consider "the 'totality of the circumstances,' including the characteristics of the defendant, the setting of the interview, and the details of the interrogation." *Braxton*, 112 F.3d at 781 (quoting *United States v. Pelton,* 835 F.2d 1067, 1071 (4th Cir. 1987).

One searches the 213-page transcript in vain for government coercion. Mr. Owens was not restrained and was given smoke breaks. Respecting Mr. Owens' assertion that he was not told of the gun charge, the Government notes law enforcement had no duty to inform him of the crime under investigation. *Braxto*n, 112 F.3d at 784. Although Mr. Owens points to his putative recantations at pages 42, 87, and 112 of the interrogation, his statements do not approach an unequivocal, objective invocation of his right to counsel. *See, e.g.*, *Davis*, 512 U.S. at 459–62; *United States v. Johnson*, 400 F.3d 187, 195 (4th Cir. 2005). Accordingly, the Court **DENIES** Mr. Owens' motion to suppress statement [**ECF 41**].

D.    *Motion to Suppress Evidence from Illegal Search [ECF 42]*

Next, Mr. Owens moves to suppress evidence from the alleged illegal search of his home. He contends the search warrant was stale and overbroad. He also requests a *Franks* hearing, contending the warrant application contains misleading statements and omissions regarding (1) the exchange of money for sex, and (2) the age of Minor Victim 1.

The Government responds the affidavit alleges (1) how electronic devices store information for long periods and how forensic tools recover stored and deleted information, and

(2) Mr. Owens used a website to contact Minor Victim 1, meaning any internet accessible device he possessed stored potential evidence. The Government dismisses as unnecessary a *Franks* hearing, noting, *inter alia*, Mr. Owens offers only his own perspective on the putative falsity of the application's statements.

"A valid search warrant may issue only upon allegations of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *United States v. Bosyk*, 933 F.3d 319, 330 (4th Cir. 2019) (citing *United States v. McCall*, 740 F.2d 1331, 1335–36 (4th Cir. 1984) (cleaned up)). However, "[t]he existence of probable cause . . . can't be determined by 'simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit.'" *Id.* (cleaned up) (quoting *United States v. Richardson*, 607 F.3d 357, 370 (4th Cir. 2010)). "[S]taleness is judged based on all the facts and circumstances of the case, including the nature of the unlawful activity and the nature of the property to be seized." *Id.* (internal quotation marks omitted).

"So long as there is probable cause to believe that contraband or evidence of a crime will be found in a particular place, the Fourth Amendment specifies only two matters that must be particularly described in the warrant: the place to be searched and the persons or things to be seized." *United States v. Cobb*, 970 F.3d 319, 327 (4th Cir. 2020) (cleaned up).

> The test for the necessary particularity is a pragmatic one: The degree of specificity required when describing the goods to be seized may necessarily vary according to the circumstances and type of items involved. There is a practical margin of flexibility permitted by the constitutional requirement for particularity in the description of items to be seized.

*Id.* (internal quotation marks and alterations omitted) (quoting *United States v. Jacob*, 657 F.2d 49, 52 (4th Cir. 1981)).

A *Franks* hearing is available when "a defendant . . . make[s] a 'substantial

9

preliminary showing that (1) law enforcement made 'a false statement'; (2) the false statement was made 'knowingly and intentionally, or with reckless disregard for the truth'; and (3) the false statement was 'necessary to the finding of probable cause.'" *United States v. Moody*, 931 F.3d 366, 370 (4th Cir. 2019) (quoting *United States v. White*, 850 F.3d 667, 673 (4th Cir. 2017)); *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). The substantial preliminary showing "must be more than conclusory" and must be accompanied by a detailed offer of proof. *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) (quoting *Franks*, 438 U.S. at 171).

The search occurred less than three months after commission of the charged offenses. As noted, the affidavit alleged the storage capabilities of internet-accessible electronic devices and tied that capability to Mr. Owens' use of such devices to communicate with Minor Victim 1. These two considerations alone are fatal to his contentions. The Court **DENIES** Mr. Owens' motion [**ECF 42**] and further **DENIES** his *Franks* hearing request for lack of a preliminary showing.

E. *Motion to Dismiss Count 1 or in the Alternative Limit the Government to Proving Actual Knowledge or Reckless Disregard of the Alleged Victim's Age [ECF 43]*

Mr. Owens next seeks to either (1) dismiss count one of the indictment, or (2) require the Government to prove Mr. Owens knew Minor Victim 1's age or acted in reckless disregard thereof. Title 18 U.S.C. § 1591(c) provides pertinently as follows:

> In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years.

18 U.S.C. § 1591(c).

Mr. Owens claims the phrase "reasonable opportunity to observe" is void for

10

vagueness. The Government responds "reasonable opportunity to observe" objectively suffices to give notice of proscribed behavior. Furthermore, as noted, Mr. Owens spent hours with Minor Victim 1 and then had sex with her. He plainly had a reasonable opportunity to observe under the statute. In *United States v. Parks*, 849 F. App'x 400 (4th Cir 2021), our Court of Appeals cited *United States v. Whyte*, 928 F.3d 1317, 1328 (11th Cir. 2019), for the proposition that "section 1591(c) unambiguously creates an independent basis of liability when the government proves a defendant had a 'reasonable opportunity to observe' the victim" and "relieves the government of . . . proving that the defendant either knew or recklessly disregarded the victim's age." *Parks*, 849 F. App'x at 403 (cleaned up).

Based upon the foregoing discussion, the Court **DENIES** Mr. Owens' motion [ECF 43].

F.   *Motions in Limine [ECF 44]*

### 1. Evidence of Alleged Victim Lying About Her Age

First, Mr. Owens seeks to introduce evidence related to Minor Victim 1's age and her alleged misrepresentation thereof. He contends the evidence is relevant to the "reasonable opportunity to observe" portion of 18 U.S.C. § 1591(c) and a basis for attacking her credibility. The Government anticipates introducing evidence of Minor Victim 1 identifying herself as age 18 on the subject website and therefore does not object to the evidence being admitted. Accordingly, the Court **GRANTS** Mr. Owens' motion in limine to the extent he will be permitted to adduce evidence of Minor Victim 1 lying about her age. The motion is **DENIED** as to its residue.

### 2. Evidence of the Alleged Victim's Mother Attempting to Extort Mr. Owens

Mr. Owens seeks to introduce communications between himself and Minor Victim 1's mother. Mr. Owens asserts the mother attempted to extort money from him. Mr. Owens contends the evidence is relevant to (1) impeach the mother's credibility, and (2) his defense he was "set up" by Minor Victim 1 and her mother. The Government contends, *inter alia*, Mr. Owens' interactions with the mother are irrelevant. Further, if the mother testifies and Mr. Owens attempts to impeach her with the alleged extortion, the Government contends it would present rebuttal evidence of the complete conversation.

A ruling is premature. The Court will address the motion if the mother testifies.

### 3. Evidence of the Alleged Victim's Past Behavior on Dating Websites

Mr. Owens seeks to introduce Minor Victim 1's past behavior on dating websites where she lied about her age and tried to get money from others. He contends the behavior permissibly sidesteps *Federal Rule of Evidence* 412 and that Minor Victim 1's past behavior is (1) necessary for impeachment, and (2) relevant to distinguish Mr. Owens from other dating website afficionados. The Government responds the Minor Victim 1's statements to others are entirely unrelated to Mr. Owens' conduct or his intentions. The Government also asserts, *inter alia*, the evidence is a veiled stratagem for jury nullification.

The actions or past behavior of Minor Victim 1 on dating websites are irrelevant in all respects, except insofar as she lied about her age. Inasmuch as the Court has permitted Mr. Owens to adduce evidence she lied about her age, however, his request to develop other, similar or identical lies is cumulative and inadmissible under Rule 403. The Court **DENIES** Mr. Owens' motion in limine.

### 4. Evidence of the Alleged Victim's Juvenile Offense for Fraud

Mr. Owens seeks to introduce Minor Victim 1's juvenile offense for fraud pursuant to *Federal Rule of Evidence* 609(d). He asserts Minor Victim 1 was on probation for fraud at the time of his offense and that it should be admissible inasmuch as (1) this is a criminal case, (2) Minor Victim 1 is not a defendant in this matter, (3) an adult conviction would be admissible, and (4) the evidence is necessary inasmuch as Minor Victim 1's testimony is crucial for determining whether there was a commercial sex act or prostitution. The Government contends that while the evidence of the juvenile adjudication may be admissible for purposes of impeachment, it should be limited to the fact of the adjudication and not the underlying circumstances.

Inasmuch as the Government contests admissibility in fact and the challenge is well taken, the Court **GRANTS IN PART** Mr. Owens' motion in limine to introduce evidence concerning the alleged victim's juvenile offense for fraud. Defense counsel may surface the fact of adjudication but not the underlying circumstances.

### IV.

Based upon the foregoing discussion, the Court **DENIES** Mr. Owens' Motion for Revocation of the Detention Orders [**ECF 39**], Motion to Suppress Statement [**ECF 41**], Motion to Suppress Evidence from Illegal Search [**ECF 42**], and Motion to Dismiss Count 1 or in the Alternative Limit the Government to Proving Actual Knowledge or Reckless Disregard of the Alleged Victim's Age [**ECF 43**], **DENIES AS MOOT** Mr. Owens' Motion to Sever Cases and Order Separate Trials [**ECF 40**], **GRANTS IN PART AND DENIES** Mr. Owens' Motion in Limine [**ECF 44**], **GRANTS** the Government's Motion to Seal Exhibit 1 to ECF 48 [**ECF 49**],

Mr. Owens' Motion to Seal  Mr. Owens' Motion to Seal Omnibus Memorandum of Law and Attachment [**ECF 61**], and his Motion to Seal Supplement Omnibus Memorandum of Law [**ECF 63**].

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, the United States Probation Officer, and the United States Marshal Service.

ENTER: May 17, 2024

Frank W. Volk
United States District Judge