UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:23-cr-00145

RICHARD SHAWN OWENS

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant Richard Shawn Owens' Motion in *Limine* to Preclude Introduction of Government's Proffered 404(b) Evidence [Doc. 77] and Renewed Motion to Dismiss Count [One] and Motion to Dismiss Count [Two], in Part, as Unconstitutional [Doc. 78], filed September 30, 2024. The Government responded to each Motion on October 8, 2024. [Docs. 81, 82]. The matters are ready for adjudication.

I.

Mr. Owens is charged in a two-count indictment. Count One charges child sex trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c). Count Two charges transporting a minor with the intent to engage in criminal sexual activity, in violation 18 U.S.C. §§ 2 and 2423(a). The charges stem from Mr. Owens allegedly (1) trafficking Minor Victim 1 and causing her to engage in a commercial sexual act after having had a reasonable opportunity to observe Minor Victim 1, and (2) transporting Minor Victim 1 from Charlottesville, Virginia, to Lewisburg, West Virginia with the intent to engage in sexual activity for which a person could be charged with a criminal offense. Mr. Owens' trial date is April 15, 2025.

II.

*A.     Motion in Limine to Preclude Introduction of Government's Proffered 404(b) Evidence*

Mr. Owens asserts, "the evidence submitted by the Government as 404(b) evidence is not probative and any minimal probative value is substantially outweighed by its prejudicial effect." [Doc. 77 at 1]. Mr. Owens asserts "[w]hether . . . [he] had solicited prostitution in the past is irrelevant as to the issue of whether he had solicited the alleged victim for a commercial sex act or prostitution." [*Id*. at 3]. Mr. Owens contends (1) his past actions and communications with other woman are irrelevant and prejudicial, and (2) the volume of non-Minor Victim 1 messages [sent through the Seeking app] "threatens to overwhelm the actual evidence . . . regarding the communications between Mr. Owens and" Minor Victim 1 [*Id*. at 4].

The Government responds that while its discovery disclosure of the messages includes "over three hundred pages" of communications, the volume of messages used at trial will be much narrower. It also contends "[t]he manner in which defendant used the Seeking application — that is, whether he used it to engage in commercial sex — is a highly relevant issue for trial." [*Id*. at 10]. It further emphasizes that "Rule 404(b) turns on the purpose of the extrinsic evidence, and, in this case, it would be used to prove defendant's motive, intent, and plan to engage in commercial sexual activity with the victim rather than entering into a 'sugar[-]daddy' type relationship." [Doc. 81 at 10]. Whether the sexual activity was commercial in nature will be a central issue for the jury. [Doc. 81 at 10].

*Federal Rule of Evidence* 404(b) provides "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Evidence of this nature "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or

2

absence of mistake or accident." *Id.*

Our Court of Appeals has outlined a four-factor test for the admission of evidence of prior bad acts under Rule 404(b):

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. [Finally], (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Johnson*, 617 F.3d 286, 296-97 (4th Cir. 2010) (citing *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)). Regarding probative value, "the more closely the prior act is related to the charged conduct – either in time, pattern, or state of mind – the more probative it is of the defendant's intent or knowledge in relation to the charged conduct." *Id*. at 297. The fourth factor requires that all admitted Rule 404(b) evidence must satisfy Rule 403. *See United States v. Williams*, 740 F.3d 308, 314 (4th Cir. 2014). "'[U]nfair prejudice' . . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground *different from proof specific to the offense charged.*" *United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023) (emphasis added) (quoting *Old Chief v. United States*, 519 U.S. 172, 180, (1997) (emphasis added)). "Evidence that is highly probative invariably will be prejudicial to the defense," and "damage to a defendant's case is not a basis for excluding probative evidence." *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998). The burden rests with the Government to demonstrate each factor. *United States v. Queen*, 132 F.3d at 997.

Regarding the first factor, the similarity between the commercial nature of Mr. Owens' efforts and their similarity to the act being proved is undeniable. Mr. Owens's professed intent for using the Seeking application -- for companionship and marriage -- is in tension with the

Government's position he was using the messaging platform in a sexually commercial manner. There is a contextual similarity between the subject messages and Mr. Owens' communications with Minor Victim 1. Both messaging categories (1) occurred on Seeking, (2) conveyed a clear desire to establish a relationship, and (3) are temporally proximate to the charged conduct. The messages are thus not offered to establish Mr. Owens' character; they are instead "highly probative of what his purpose was regarding the use of Seeking during the relevant time frame in the case." [Doc. 81 at 10]. The first factor is satisfied.

Regarding the second factor, the Government has demonstrated the necessity of the subject messages. They offer specific, probative force on the hotly disputed issue of commercial sex, "an essential aspect of the offense." [*Id*. at 12]. As the Government appropriately notes, these messages are not "direct evidence regarding what he said to the victim." [*Id*. at 10]. Instead, the messages, which, again, are all temporally proximate to the charged conduct, offer admissible insight to the "intent, motive, and purpose for using Seeking at the time of the charged offense." [*Id*. at 11]. In the event the Government offers non-temporally proximate messages, the Court will revisit the matter upon request from Mr. Owens' counsel. The second factor is satisfied.

So too the third factor, inasmuch as the evidence is sufficiently reliable. Mr. Owens necessarily concedes he sent the messages.

Regarding the fourth factor, the Government contends "there is no legitimate concern that the proffered messages would inflame the jury into an emotional verdict or [cause it to] be lured '. . . into declaring guilt *on a ground different from proof specific to the offense charged*.'" [*Id*. at 12 (citing *United States v. Bajoghli*, 785 F.3d 957, 966 (4th Cir. 2015) (emphasis in original)]. Our Court of Appeals has observed "'the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly.'" *United States v. Lentz*,

4

524 F.3d 501, 525 (4th Cir. 2008) (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)).

Furthermore, as the Government notes, the Court must consider "'the offering party's need for evidentiary richness and narrative integrity in presenting a case." *United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023) (quoting *Old Chief v. U.S.*, 519 U.S. 172, 183 (1997)). And narrative integrity on so central an issue is essential. Mr. Owens is free to present his competing analysis to the jury, but the evidence is necessary in the first instance (1) to aid the jury's understanding of why Mr. Owens was using Seeking, and (2) the nexus between his Seeking use and the commercial element of the charged offense. In analyzing unfair prejudice, the Court agrees with the Government that the messages between Mr. Owens and other women from Seeking "are 'no more sensational or disturbing than' the offense on trial." [*Id*. at 12 (quoting *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011))]. The fourth factor is satisfied.

Accordingly, the Court **DENIES** Mr. Owens' Motion in *Limine* to Preclude Introduction of Government's Proffered 404(b) Evidence. [**Doc. 77**].

### B.   *Renewed Motion to Dismiss Count [One] and Motion to Dismiss Count [Two], in Part, as Unconstitutional*

Mr. Owens requests the Court, "pursuant to the First, Fifth, and Tenth Amendment to the United States Constitution, [sic] dismiss Counts [One] and [Two] of the Indictment as unconstitutional." [Doc. 78]. Regarding Count One, there is no basis to revisit the Court's earlier analysis.

Two overriding considerations demonstrate the difficult burden Mr. Owens faces. First, Congress is presumed to enact laws passing constitutional muster. *United States v. Morrison*, 529 U.S. 598, 607 (2000). Second, "a challenge to the sufficiency of the indictment . . . is ordinarily

5

limited to the allegations contained in the indictment," and a court accepts the allegations as true. *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012). Under *Federal Rule of Criminal Procedure* 12, "[a] district court may dismiss an indictment ... where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *Id.* (cleaned up).

To the extent Mr. Owens asserts the Court did not address his asserted overbreadth challenge to § 1591, and that § 2423 is also overbroad, one must first take note of the statutory language upon which each charge is based:

> **[COUNT ONE:]** (a) Whoever knowingly . . . in or affecting interstate . . . commerce . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . [and] . . . the person has not attained the age of 18 years and will be caused to engage in a commercial sex act . . . [is guilty of an offense against the United States].

18 U.S.C.A. § 1591(a).

> **[COUNT TWO:]** A person who knowingly transports an individual who has not attained the age of 18 years in interstate . . . commerce . . . with intent that the individual engage in prostitution, *or* in any sexual activity for which any person can be charged with a criminal offense, shall be [be guilty of an offense against the United States].

18 U.S.C.A. § 2423(a) (emphasis added).

Mr. Owens asserts the prosecution is unconstitutional, in part, because Count Two is "alleged in the alternative" to wit: "with intent that Minor Victim 1 would engage in prostitution and [sic] any sexual activity for which a person can be charged with a criminal offense." [Doc. 78 at 5.] He contends "the Government should not be allowed to move forward based upon the vague clause that Mr. Owens had the intent that the alleged victim would engage in sexual activity standing alone, since such consensual sexual activity that does not involve prostitution is not illegal under West Virginia law." [*Id.*]. Presumably with respect to both Counts, he notes (1) the victim

6

used fake identification on the site indicating that she was 18 years old, (2) the age of consent in West Virginia is 16 years old, and (3) "[h]e did nothing but exercise that right of expressive conduct in an attempt to engage in a protected intimate relationship in this case - he was looking to start a constitutionally-protected intimate association in the form of a committed relationship with the alleged victim." [*Id*. at 4].

The Government first notes as follows: "Defendant's entire argument rests upon his own skewed interpretation of the facts. Per defendant, he was not engaging in commercial sex when he transported the victim across state lines to his home, had sex with her, and then paid her $100 when he dropped her off in Virginia a few hours later." It then notes, in part, "[w]hether defendant agrees with the law or not, minors cannot legally consent to commercial sexual activity." [*Id*. at 3 (referencing *United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009) (holding that the government does not need to prove fraud, force, or coercion in cases where a minor is involved))]. These observations essentially put an end to any overbreadth challenge. The gravamen of the grand jury's charges in Count One and Count Two is that Mr. Owens enticed one who was under 18 years of age to travel across state lines for a paid -- and hence illegal -- sex act or acts. And those allegations reside at the core of the two cited statutes.

Moreover, however, for a statute to be deemed overbroad, "a statute's overbreadth [must] be substantial, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *United States v. Williams*, 553 U.S. 285, 292 (2008). Section 1591 includes commercial sexual activity involving minors. The statute prohibits the "enticing, harboring, transporting, obtaining, patronizing, or soliciting a minor knowing that the minor would engage in commercial sex." [Doc. 82 at 2]. The plainly legitimate sweep of the statute -- and that of § 2423(a) -- is immense. And while Mr. Owens is entitled to utilize the Seeking platform within the

7

parameters of the law, and he is entitled to inform the jury of his lawful use as he deems appropriate and within the Rules of Evidence, he may not have a statute struck as overbroad when its legitimate applications are so substantial. [Doc. 82 at 5]. In the end, the Government is correct in asserting that, "at most, defendant's argument amounts to an assertion that he is not guilty of a clearly constitutional statute." [*Id.*].

Additionally, to the extent it is not apparent, Mr. Owens is incorrect that the sexual activity between himself and Minor Victim 1 cannot, under West Virginia law, be viewed as "'sexual activity for which a person can be charged with a criminal offense.'" [Doc. 78 at 4-5]. One need only consult *West Virginia Code* section 61-8-5, which proscribes prostitution as "sexual activity for which a person can be charged with a criminal offense." W. Va. Code § 61-8-5. Mr. Owens, of course, challenges that factual scenario espoused by the Government. And he may do so at trial as well. But, again, he cites no authority that the Court, at this or any other point in the proceeding, may view the facts in the light most favorable to him. As illustrated in *Engle*, its predecessor authority and progeny, quite the opposite is true.

The Court **DENIES** Mr. Owens' Renewed Motion to Dismiss Count [One], and Motion to Dismiss Count [Two], in Part, as Unconstitutional [**Doc. 78**].

### III.

Based on the foregoing discussion, the Court **DENIES** Mr. Owens' Motion in *Limine* to Preclude Introduction of Government's Proffered 404(b) Evidence [**Doc. 77**], and **DENIES** his Renewed Motion to Dismiss Count [One], and Motion to Dismiss Count [Two], in Part, as Unconstitutional [**Doc. 78**].

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order

to the Defendant and his counsel, the United States Attorney, the United States Probation Officer, and the United States Marshal Service.

                ENTERED:    January 16, 2025

*Frank W. Volk*
Frank W. Volk
Chief United States District Judge