UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                           CRIMINAL ACTION NO. 5:23-cr-00145

RICHARD SHAWN OWENS

**MEMORANDUM OPINION AND ORDER**

Pending is the Government's Motion *in Limine* to Preclude Arguments and Evidence Advocating Jury Nullification [ECF 135], filed July 30, 2025. Defendant Richard Shawn Owens responded on August 6, 2025. [ECF 137]. The Government replied on August 11, 2025. [ECF 139]. The matter is ready for adjudication.

**I.**

Mr. Owens is charged in a two-count indictment. Count One alleges child sex trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c). Count Two charges transporting a minor with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. §§ 2 and 2423(a). The grand jury alleges Mr. Owens, (1) after having had a reasonable opportunity to observe Minor Victim 1, trafficked and caused her to engage in a commercial sexual act, and (2) transported her from Charlottesville, Virginia, to Lewisburg, West Virginia, intending to engage in sexual activity for which a person could be charged with a criminal offense.

**II.**

The Government moves *in limine* to preclude argument and evidence regarding Mr. Owens' knowledge of Minor Victim 1's age ("victim-age material"). As more fully discussed

within, it contends the victim-age material offends both (1) *Federal Rules of Evidence* 401 and 402, and (2) Rule 403. The Government acknowledges Mr. Owens may introduce impeachment evidence of Minor Victim 1 lying about her age. [ECF 135 at 5].

Mr. Owens contends the victim-age material is relevant and admissible to prove his lack of intent to engage in a commercial sex act or prostitution and provides necessary context for the jury to assess the extent to which he had a "reasonable opportunity to observe" the alleged victim. [ECF 137 at 2, 6].

A.   Challenges Under Rules 401 and 402 -- Relevance

### 1. The Parties' Contentions

The Government contends the victim-age material neither tends to prove nor disprove an element of either charged offense. [ECF 135].

Mr. Owens responds the victim-age material tends to demonstrate his lack of intent to engage in a commercial sex act pursuant to 18 U.S.C. § 1591(a) or to engage in prostitution or in "any sexual activity for which any person can be charged with a criminal offense" pursuant to 18 U.S.C. § 2423(a). [ECF 137 at 2]. Specifically, he contends his subjective belief about Minor Victim 1's age "directly supports the theory that [he] was not engaged in sex trafficking," prostitution, or any sexual activity for which a person can be charged with a criminal offense because he, instead, intended "to engage in an adult, consensual relationship." [*Id.* at 2–3]. According to Mr. Owens, his subjective belief about the victim's age supports his argument that "he was seeking out a relationship with a person who he believed was an adult." [*Id.* at 3].

The Government contends 18 U.S.C. § 1591(c) relieves it of proving Mr. Owens' mental state regarding the victim's age. [ECF 139 at 3]. Consequently, it asserts, any victim-age material respecting intent is irrelevant. [*Id.*]. It further contends 18 U.S.C. § 2423(a) likewise has

2

no specific intent requirement for an age element. This is so, it asserts, inasmuch as Congress intended to preclude "a defense based upon a defendant's subjective belief about a victim's age." [*Id.* at 3 (quoting *United States v. Washington*, 743 F.3d 938, 943 (4th Cir. 2014) (internal citations omitted) ("Congress enacted [§ 2423(a)] to provide minors with special protection against sexual exploitation" and "intended to protect young persons who are transported for illicit purposes, and not transporters who remain ignorant of the age of those whom they transport."))].

### 2. The Law and Analysis

Relevant and admissible evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence," so long as "the fact is of consequence in determining the action." Fed. R. Evid. 401, 402. The key issue presently is the extent to which, if at all, victim-age material tends to tip the probability balance one way or the other on a consequential fact or issue.

The analysis begins with the observation that no portion of either 18 U.S.C. § 1591(a)(1), (b)(2), (c) or 18 U.S.C. § 2423(a) obligates the Government to prove Mr. Owens' mental state regarding Minor Victim 1's age. This is important for a variety of reasons, not the least of which is that Congress intended -- at least twice -- to make sure that was the case. As multiple courts of appeal have observed, "'as originally enacted[,] [18 U.S.C. § 1591] required the [G]overnment to prove the defendant knew the child victim was a minor.'" *United States v. Concepcion*, 139 F.4th 242, 247 (2d Cir. 2025) (quoting *United States v. Duong*, 848 F.3d 928, 932 (10th Cir. 2017)). Congress changed course, however, with the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (the "TVPRA"), Pub. L. No. 110-457, 122 Stat. 5044, 5044 (2008). In that measure, Congress added § 1591(c) to "'enhance measures to combat trafficking in persons.'" *See Concepcion*, 139 F.4th at 247 (quoting *id.*). An immediate

disconnect surfaced, however, after courts disagreed regarding the application of § 1591(c) following enactment of the TVPRA. *Concepcion*, 139 F.4th at 247. In response, Congress -- rather remarkably -- acted anew. It amended the statute once again by adopting the approach of the United States Court of Appeals for the Second Circuit and added to § 1591(c) "the words 'reckless[ ] disregard[ ].'" *Id.* (citing Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22, 129 Stat. 227, 239 (2015)). In so doing, "'Congress made clear that, when the government proves that the defendant had a reasonable opportunity to observe the victim, it need not prove either actual knowledge *or* reckless disregard'" for the victim's age. *Id.* at 248 (quoting *United States v. Whyte*, 928 F.3d 1317, 1329–30 (11th Cir. 2019)).

On May 17, 2024, based in part upon this settled change in the law, the Court denied Mr. Owens' Motion to Dismiss Count 1 or in the Alternative [to] Limit the Government to Proving Actual Knowledge or Reckless Disregard of the Alleged Victim's Age. [ECF 74 at 11]. While it is true the Court additionally granted Mr. Owens' motion *in limine*, it did so only "to the extent [Mr. Owens] will be permitted to adduce evidence of Minor Victim 1 lying about her age." [*Id.*]. Despite Mr. Owens' urging otherwise, the *in limine* ruling did not sanction his additional view that evidence of Minor Victim 1 lying about her age was relevant to the "reasonable opportunity to observe" portion of 18 U.S.C. § 1591(c). This was so, the Court reasoned, inasmuch as § 1591(c) "relieves the government of proving that the defendant either knew or recklessly disregarded the victim's age." [*Id.* (quoting *United States v. Parks*, 849 F. App'x 400, 403 (4th Cir. 2021) (quoting *Whyte*, 928 F.3d at 1330) (cleaned up)))].

Near the time of that ruling, our Court of Appeals similarly concluded the government permissibly sidestepped proving a defendant's knowledge of age under § 1591(c) by sufficiently proving in the alternative that the defendant had a reasonable opportunity to observe

4

the alleged victim. *United States v. Smith*, No. 24-4330, 2025 WL 1190069, at *1 (4th Cir. Apr. 24, 2025). In *Smith*, the defendant encountered and interacted with the alleged victim on numerous occasions over a month. *Id.* In consistent fashion, other circuit courts have likewise held, in the context of § 1591(c), the Government need not prove a defendant's knowledge of age when proceeding under § 1591(c). *See also United States v. Robinson*, 702 F.3d 22, 32 (2d Cir. 2012) (concluding "§ 1591(c) supplies an *alternative* to proving any *mens rea* with regard to the defendant's awareness of the victim's age," which "gives force to the provision's obvious goal—to reduce the government's burden where the defendant had a reasonable opportunity to observe the victim"); *United States v. Copeland*, 820 F.3d 809, 813 (5th Cir. 2016) (quoting *Robinson*, 702 F.3d at 32) (same); *United States v. Duong*, 848 F.3d 928, 933 (10th Cir. 2017) (concluding "§ 1591(c), by its plain language, permits the government to meet its burden of proving knowledge by showing the defendant had a reasonable opportunity to view the child victim"); *Whyte*, 928 F.3d at 1330 (concluding defendant was "not entitled to a mistake-of-age defense or an instruction about it because, when the government proceeds on the theory that a defendant had a reasonable opportunity to observe the victim, his mistake about the victim's age is no defense"); *United States v. Williams*, 127 F.4th 676, 682 (7th Cir. 2025) ("[I]f a defendant had a reasonable opportunity to observe the underage victim, the defendant's knowledge of the victim's age is irrelevant.").

Mr. Owens putatively acknowledges age is not an element of either offense charged. He nevertheless attempts an end run, asserting the victim-age material tends to negate his intent to either (1) engage in a commercial sex act pursuant to 18 U.S.C. § 1591(a), or (2) engage in prostitution or in any sexual activity for which any person can be charged with a criminal offense pursuant to 18 U.S.C. § 2423(a). [ECF 137 at 2]. The Government's position makes short work of the contention on multiple grounds. First, if "his argument is that he can demonstrate that he did

not intend to pay her for sex because he believed her to be over 18, [but] he would have paid her for sex if he thought she was under 18," the victim-age material essentially eviscerates any defense to the charges. [ECF 139 at 6]. Second, the Government offers an additional, commonsense observation:

> If his argument is that he intended to engage in a consensual romantic relationship with the victim instead of soliciting a commercial sex act, evidence of that should be entirely unrelated to whether she was 16 or 18 years old. After all, it is equally legal for a man of defendant's age to engage in a consensual romantic relationship with [someone aged] 16 as [someone aged] 18, but it is illegal for him to pay either one for sexual activity.

[*Id.* at 5]. It is thus apparent the victim-age material is irrelevant respecting his intent to engage in a commercial sex act pursuant to 18 U.S.C. § 1591(a).

The same is true respecting the 18 U.S.C. § 2423(a) charge. The statute requires the Government prove Mr. Owens intended for the victim to either "engage [(1)] in prostitution, or [(2)] in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a). The Government contends the second predicate, namely, engaging in "sexual activity for which a person can be charged with a criminal offense," is activated by Mr. Owens' violation of *West Virginia Code* section 61-8-5(b), which proscribes prostitution. [ECF 139 at 2]. *See State v. Fuller*, 239 W. Va. 203, 206, 800 S.E.2d 241, 244 (2017) (quoting W. Va. Code § 61-8-5(b)) ("Any person who shall engage in prostitution . . . or who shall solicit, induce, entice, or procure another to commit an act of prostitution . . . shall . . . be punished."). This is important inasmuch as age bears not on proof or negation of any element for the second predicate offense. [ECF 139 at 2]. The state predicate here is unlike counterpart predicates in some jurisdictions permitting victim-age material. *See*, *e.g.*, *United States v. Albino-Galindo*, No. CR 24-0147 (MAJ), 2025 WL 685958, at *7 (D.P.R. Mar. 4, 2025) (defendant in District of Puerto Rico potentially permitted to raise a mistake-of-age defense to the extent the Government relied on two predicate Puerto Rico

6

statutes permitting such a defense).

Moreover, as our Court of Appeals has emphasized, in a prosecution pursuant to § 2423(a), the Government need not prove a defendant's knowledge that a victim is a minor. *See United States v. Jones*, 471 F.3d 535, 539 (4th Cir. 2006); *United States v. Banker*, 876 F.3d 530, 536 (4th Cir. 2017) (quoting *United States v. Washington*, 743 F.3d 938, 943 (4th Cir. 2014) ("[I]n cases where 'a victim's underage status [is] an aggravating factor in order to provide minors with special protection [e.g., pursuant to § 2423(a)],' the Government must prove the victim was a minor, but is not required to prove the defendant's actual knowledge of that fact.")). Indeed, in *United States v. Jones*, 471 F.3d 535, 541 (4th Cir. 2006), our Court of Appeals both (1) approved an instruction relieving the Government of proving an underage victim, and (2) affirmed an *in limine* ruling precluding the defendant from introducing victim-age material. *Jones*, 471 F.3d at 538–541; *see also United States v. Tyson*, 947 F.3d 139, 145 (3d Cir. 2020) (concluding "mistake of age is not a defense to § 2423(a)" and affirming the district court's conclusion "that mistake-of-age evidence is irrelevant to a prosecution pursuant to § 2423(a) and would likely mislead the jury").

Based upon the foregoing discussion, Mr. Owens is precluded from presenting victim-age material.

B. *Challenge Under Rule 403 -- Jury Nullification*

Next, the Government contends that, inasmuch as the victim-age material is irrelevant, its use is a transparent attempt at jury nullification. It thus seeks a wholesale, Rule 403 ban on victim-age material despite the Court's earlier, narrow ruling permitting inquiry into Minor Victim 1 lying about her age. For his part, Mr. Owens suggests victim-age material deprives him of the opportunity to offer "critical context for his mental state and motives." [ECF 137 at 4]. The

Court has ruled *supra* that victim-age material is irrelevant, which necessarily bars his age-related intent defense.

Nevertheless, he further contends his mental state regarding the victim's age is relevant to whether he had a "reasonable opportunity to observe" the victim pursuant to 18 U.S.C. § 1591(c). [ECF 137 at 5]. Specifically, Mr. Owens asserts he believed she was (1) 18 based upon her comments and website verification, and (2) in college, again according to her self-report. He contends this information provides necessary context for the jury to consider whether he had a "reasonable opportunity to observe" her under the charging statute. [*Id.*].

The Government sensibly responds that while Mr. Owens is entitled to offer the type of complete defense ordinarily contemplated, he cannot entirely skirt the rules of evidence in doing so:

> Defendant is fully able to make an argument that he was pursuing solely a romantic relationship with the victim and had neither the knowledge nor intent that she would engage in a commercial sex act . . . . But he cannot base this argument upon his subjective belief that she was 18, as [his knowledge of Minor Victim 1's age] is irrelevant to the question of commercial sex and meant only to garner sympathy that he was "tricked" into committing the offense.

[*Id.*].

A court can exclude otherwise relevant evidence "if its probative value is substantially outweighed" by the risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or unnecessarily presenting cumulative evidence. Fed. R. Evid. 403. Where the offered evidence has low probative value -- particularly where the evidence is a "self-evident invitation to jury nullification[,]" -- it is justifiably excluded. *United States v. Peterson*, 945 F.3d 144, 157 (4th Cir. 2019).

As our Court of Appeals has acknowledged, albeit in unpublished decisions, "§ 1591(c) imposes strict liability with regard to the defendant's awareness of the victim's age,"

8

*United States v. Pratt*, 821 F. App'x 200, 201 (4th Cir. 2020), and "§ 1591(c) unambiguously creates *an independent basis of liability* when the government proves a defendant had a 'reasonable opportunity to observe' the victim" and "relieves the government of . . . proving that the defendant either knew or recklessly disregarded the victim's age," *Parks*, 849 F. App'x at 403 (emphasis added) (cleaned up). Mr. Owens relies upon cases which either do not ultimately support his viewpoint or are factually inapposite. Inasmuch as evidence of victim-age material is irrelevant to the charges, has minimal probative value, and poses a substantial risk of misleading the jury, Mr. Owens is precluded from presenting such evidence.

### III.

Based on the foregoing discussion, the Court **GRANTS** the Government's Motion *in Limine* to Preclude Arguments and Evidence Advocating Jury Nullification [**ECF 135**].

Counsel are reminded that, in the event the parties are undertaking plea negotiations, the deadline for informing the Court of any agreement reached is August 29, 2025.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, the United States Probation Officer, and the United States Marshals Service.

ENTER: August 27, 2025

Frank W. Volk
Chief United States District Judge